UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                        Case No. 3:18-cr-421

          Plaintiff,

     v.                                                                   MEMORANDUM OPINION
                                                                                                 AND ORDER

Eric Watson,

          Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Eric Watson, an inmate at Federal Correctional Complex – Morgantown in Morgantown, West Virginia, seeks an order reducing his sentence to time served and providing for his immediate release from custody. (Doc. Nos. 21 & 24). He also seeks an order appointing counsel to aid in his pursuit of compassionate release. (Doc. No. 22). The government has filed nothing by way of opposition.

In July 2018, the government filed an information charging Watson with one count of possession with the intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. No. 1). Watson waived his right to prosecution by indictment and consented to prosecution by information. (Doc. No. 8). He then pled guilty to this offense. After considering the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I granted Watson a substantial downward variance from his Guidelines range of 78 to 97 months and sentenced him to 48 months in prison and a supervised release term of 4 years. (Doc. No. 16). Watson is currently scheduled to be released on June 8, 2023.

On July 29, 2020, Watson filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 21). In support, Watson alleges his hypertension, obesity, and suspected sleep apnea increases his risk of serious illness or death if he were to contract COVID-19 while incarcerated. Watson also alleges that he has been a model inmate, participating in multiple educational programs and working in food service while incarcerated, and plans to volunteer in the community upon release.

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Prior to filing his motion for compassionate release, Watson requested relief from the Warden, who denied his request. (Doc. No. 21-1). Therefore, Watson satisfied the exhaustion requirement.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)); *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any

of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

In this case, I cannot conclude a further-reduced sentence would serve the purposes of § 3553(a). 18 U.S.C. § 3553. Watson was sentenced to 48 months after pleading guilty to possession with intent to distribute fentanyl. Specifically, he was found to possess approximately 250 grams of fentanyl, a particularly potent and deadly narcotic, and 10 grams of heroin. Watson claims he became involved in heroin distribution through a man he had met while in prison for possession with intent to distribute cocaine.

Although I commend Watson for his desire to return to volunteering in his community, Watson has served only 25% of his sentence. Watson has not shown a further-reduced sentence would be sufficient to comply with the § 3553(a) purposes of sentencing and attendant factors, including the nature and circumstances of the offense of conviction, his criminal history, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

Even if extraordinary and compelling reasons warranted a reduction, the § 3553(a) factors do not support such a reduction. Therefore, compassionate release must be denied.

### III. CONCLUSION

For the foregoing reasons, Watson's motions for compassionate release are denied. (Doc. Nos. 21 & 24). His motion for appointment of counsel to aid in his pursuit of compassionate release is denied as futile. (Doc. No. 22).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge